IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRLA PALMA, | No. C-08-4780 MMC |
|         Plaintiff, <br>   v. | **ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER** |
| HOMECOMINGS, et al., | |
|         Defendants / | |

Before the Court is plaintiff Mirla Palma's "Request for Temporary Restraining Order," filed October 17, 2008,[1] by which plaintiff seeks an order "preventing plaintiff from being moved out his/her property until such time the jury and court rendered their final disposition regarding the complaint filed in this court on October 17, 2008."[2] Having read and considering plaintiff's application, the Court rules as follows.

A temporary restraining order may not issue in the absence of notice to the defendant unless it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," or the applicant "certifies to the

---

[1] The instant action was reassigned to the undersigned on November 24, 2008, and the Court received chambers copies of plaintiff's filings on December 1, 2008.

[2] Although plaintiff does not expressly identify the real property at issue herein, it appears the property is located at the address set forth, on the first page of the complaint, as plaintiff's current address.

court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." See Fed. R. Civ. P. 65(b). Here, plaintiff has not provided proof that she served her request on any defendant, let alone all of the defendants to the instant action, nor has she satisfied either of the above-referenced exceptions to the notice requirement. Specifically, as to said exceptions, plaintiff fails to offer any facts by affidavit or verified complaint, let alone "specific facts," to support a finding that she has not had an opportunity to notify said defendants, and fails to show she made any effort to serve them or to offer any reason why they should not be entitled to advance notice.

Moreover, preliminary injunctive relief is only available to a plaintiff "who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in [plaintiff's] favor." See Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). "As an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id. (internal quotations and citation omitted). Here, plaintiff has failed to demonstrate the "irreducible minimum," i.e., plaintiff has failed to show she has a "fair chance of success on the merits" of her claims and has failed to identify any "serious question." Moreover, plaintiff has not offered any evidence in support of her claims.

Accordingly, plaintiff's request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 2, 2008

MAXINE M. CHESNEY
United States District Judge

2