IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIRLA PALMA,

    Plaintiff,

  v.

HOMECOMINGS, et. al.,

    Defendants

No. C-08-4780 MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY FIRST AMENDED COMPLAINT SHOULD NOT BE DISMISSED**

    By order filed December 8, 2008, the Court directed plaintiff Mirla Palma to show cause why her initial complaint should not be dismissed for failure to state a claim upon which relief could be granted. On December 11, 2008, plaintiff responded to said order by filing a First Amended Complaint ("FAC"). Having and read and considered the FAC, it appears to the Court that plaintiff has, again, failed to state a claim upon which relief could be granted.

    As to the First Cause of Action, a claim for "breach of contract/covenant of good faith and fair lending," plaintiff alleges that she entered into an agreement with defendant Homecomings, under which Homecomings provided plaintiff with a loan. Plaintiff further alleges that when she requested that Homecomings modify the terms of her loan, Homecomings declined to do so. Plaintiff fails to allege why Homecomings' alleged failure to modify the terms of her loan constituted the breach of any provision of her contract with

Homecomings.

As to the Second Cause of Action, a claim for "fraud and racketeering," plaintiff's claim appears to fail for the same reason the Second Cause of Action in her initial complaint failed to state a claim. Specifically, plaintiff has failed to plead such claim with specificity, as is required by Rule 9(b) of the Federal Rules of Civil Procedure. In particular, plaintiff has failed to identify a false or misleading statement made by a defendant, has failed to identify the speaker of any such statement, has failed to state when and where any such statement was made, and has failed to state that she relied to her detriment on any such statement.

As to the Third Cause of Action, a claim for "usury and racketeering," plaintiff's claim appears to fail for the same reason the Third Cause of Action in her initial complaint failed to state a claim. Specifically, plaintiff does not allege that she was charged any particular rate of interest by a defendant, let alone a rate that is usurious; plaintiff's conclusory reference to defendants' "charging excessive interest" is insufficient.

As to the Fourth Cause of Action, a claim for "intentional infliction of severe mental and emotional distress," plaintiff's claim appears to fail for the same reason the Fourth Cause of Action in her initial complaint failed to state a claim. Specifically, plaintiff has failed to allege that any defendant committed an act that can be characterized as extreme and outrageous, or that she incurred severe emotional distress.

Finally, to the extent plaintiff, by including the term "42 U.S.C. 1983" in the caption of her complaint, may be attempting to state a claim under 42 U.S.C. § 1983, any such claim appears to fail for the same reason any such claim in the initial complaint failed. Specifically, plaintiff has failed to allege that she was deprived of any federal right and that any such deprivation occurred under color of state law.

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later than January 9, 2009, why the FAC should not be dismissed. See Wong v. Bell, 642 F. 2d 359, 361 (9th Cir. 1981) (holding "trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim"). To the extent plaintiff

seeks to respond by amending again, plaintiff must first file a motion for leave to amend. <u>See</u> Fed. R. Civ. P. 15(a) (providing that if a plaintiff has amended a complaint once, "a party may amend [a second time] only with . . . the court's leave").

**IT IS SO ORDERED.**

Dated: December 18, 2008

MAXINE M. CHESNEY
United States District Judge