IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRLA PALMA,<br><br>    Plaintiff,<br><br>  v.<br><br>HOMECOMINGS, et. al.,<br><br>    Defendants<br>_____/ | No. C-08-4780 MMC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT; DIRECTING CLERK TO CLOSE CASE** |

    By order filed December 8, 2008, the Court directed plaintiff Mirla Palma to show cause why her initial complaint should not be dismissed for failure to state a claim upon which relief could be granted. On December 11, 2008, plaintiff responded to said order by filing a First Amended Complaint ("FAC"). Because it appeared that the FAC also failed to state a claim upon which relief could be granted, the Court, by order filed December 18, 2008, directed plaintiff to show cause why the FAC should not be dismissed. In so directing plaintiff, the Court noted that if plaintiff intended to response by amending again, plaintiff was required to first file a motion to amend.

    On December 23, 2008, plaintiff, in response to the Court's December 18, 2008 order, filed a Second Amended Complaint ("SAC") and did not file a motion to amend. Accordingly, the SAC is procedurally deficient and is subject to being stricken. The Court, however, will exercise its discretion to consider the SAC on the merits, in the interests of

judicial economy. Having read and considered the SAC, the Court rules as follows.

In its December 18, 2008 order, the Court identified deficiencies in each of plaintiff's causes of action. The SAC fails to cure any of the previously-identified deficiencies, and, consequently, constitutes an insufficient response to the Court's December 18, 2008 order to show cause. Indeed, the SAC contains additional deficiencies, in that the SAC, unlike the FAC, fails to include any purported causes of action; rather, the SAC consists entirely of conclusions of law and quotes from federal statutes, and is wholly devoid of factual allegations.

Consequently, plaintiff has again failed to state a claim upon which relief can be granted. Further, there is no indication that affording plaintiff a third opportunity to amend would result in plaintiff's stating a claim upon which relief could be granted.

Accordingly, the SAC is hereby DISMISSED for failure to state a claim, and the Clerk is directed to close the case.

Finally, to the extent plaintiff has included within the SAC a request for issuance of a temporary restraining order, the request is DENIED, plaintiff having failed to show any likelihood of success on the merits of her claims.

**IT IS SO ORDERED.**

Dated: December 29, 2008

MAXINE M. CHESNEY
United States District Judge